Weygandt, C. J.,
 

 dissenting. With due respect for the majority opinion, it is submitted that no question of service of summons is here involved.
 

 It is true that the original service of summons in this case was made by publication, and if this wére the only manner in which the trial court obtained jurisdiction of the defendant’s person, the limitation of Section 11646, General Code, would apply. However, the additional and controlling fact is that after the service by publication the defendant
 
 entered
 
 his general
 
 appearance
 
 by obtaining leave of the -court and filing both an answer and a voluntary cross-petition asking affirmative relief. Section 11646 relates to
 
 service
 
 alone and prohibits a revivor of a judgment by publication when the original
 
 service
 
 was of a degree lower than personal. No mention is made of an entry of appearance which, of course, involves no service of summons.
 

 Section 11287, General Code, appearing in a different chapter, is quoted as providing that “the voluntary appearance of a defendant, is equivalent to service.” But this is far from declaring that entry of appearance is a form of service. There can be no more effective method for a court to obtain jurisdiction of a party than for that person to come into the court voluntarily; and when this occurs service is not
 
 *318
 
 involved. Nevertheless,, under the majority view there cannot be such a revivor in the absence of original personal service even though the defendant voluntarily appeared in court and submitted himself to its jurisdiction. It seems unnecessary to infer a legislative intent to require a vain thing.
 

 It is contended further that the defendant’s entry of appearance was not voluntary. Assuming that the answer was filed involuntarily for the purpose of defense, the same contention hardly can be made with reference to the cross-petition asking affirmative relief for the defendant.
 

 The judgment of the Court of Appeals should be reversed and that of the trial court affirmed.
 

 Hart, J., concurs in the foregoing dissenting opinion.